UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID N. KAPLAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS M. GUTIERREZ, )<br>Secretary, )<br>United States Department of Commerce, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1419(GK) |

## ANSWER

Defendant, Carlos M. Gutierrez, Secretary, United States Department of Commerce, by and through his undersigned attorneys, answers Plaintiff's Complaint as follow:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Certain allegations are time-barred.

### FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant responds to the specific allegations of the Complaint as follows:

1. This paragraph contains Plaintiff's characterization and jurisdictional basis of his Complaint to which no answer is required, but inasmuch as a response is required, Defendant denies the allegations.

2. Defendant lacks sufficient information or knowledge to admit or deny the allegation contained in the first sentence of this paragraph regarding Plaintiff's residency. Defendant admits the second sentence of this paragraph.

3. Admits.

**JURISDICTION AND VENUE**

4. This paragraph contains Plaintiff's statements regarding the jurisdictional basis upon which this Complaint is brought to which no answer is required, but inasmuch as a response is required, Defendant denies the allegation.

5. This paragraph contains Plaintiff's statements regarding venue to which no answer is required, but inasmuch as a response is required, Defendant denies the allegations.

**FACTS**

6. The first sentence of this paragraph contains a legal conclusion to which no response is required, but inasmuch as a response is required, Defendant denies the allegation. Upon information and belief, Defendant admits the allegation contained in the second sentence of this paragraph. Defendant lacks sufficient information and knowledge as to the allegations contained in the third sentence, and thus can neither admit nor deny this allegation.

7. Upon information and belief, Defendant admits the allegations contained in this paragraph regarding Plaintiff's educational background

8. Defendant lacks sufficient information and knowledge as to the allegations contained in this Paragraph, and thus can neither admit nor deny the allegations.

9. Defendant admits that Plaintiff was contacted in or about January 2000 regarding employment at the Department of Commerce. In a letter dated February 11, 2000, Plaintiff was offered an Excepted Appointment to the position of Program Specialist, GS-0301-07, step 01, with the Office of the Deputy Under Secretary, NOAA. Defendant denies the claim that Plaintiff was not interviewed by anyone at the Department of Commerce prior to his selection, as Plaintiff was interviewed and recommended to NOAA following an interview with an official at the Department of Commerce, Bureau of the Census after he declined an offer of employment at that Bureau.

10. Admits.

11. Admits.

12. Admits.

13. Denies.

14. Defendant denies the allegation contained in the first and second sentences of this paragraph to the extent the described task is presented as an example of work not within Plaintiff's functions. Defendant avers that consistent with the duties outlined in his position description, Plaintiff was assigned tasks to assist in the preparation of briefing materials, as were other employees. Defendant lacks sufficient information and knowledge as to the allegations

contained in the third sentence of this Paragraph but avers that Plaintiff failed to indicate that he was having, or would have difficulty performing the described tasks.

15. Defendant denies the allegation contained in the first and second sentences of this Paragraph to the extent the described task is presented as an example of work not within Plaintiff's functions. Defendant avers that consistent with the duties outlined in his position description, Plaintiff was assigned tasks to assist in the preparation of briefing materials, and in transporting materials for presentations, as were other employees in the office. Defendant lacks sufficient information and knowledge as to the allegations contained in the third sentence of this Paragraph but avers that Plaintiff failed to indicate that any assigned tasks would "put a dangerous strain on [Plaintiff's] legs and back."

16. Defendant denies the allegation contained in this Paragraph to the extent the described tasks are presented as examples of work not within Plaintiff's functions. Defendant avers that consistent with the duties outlined in his position description, Plaintiff was assigned tasks assisting in the preparation of briefing materials, assisting in training arrangements, and in transporting materials for presentations, as were other employees. Defendant denies that Captain Behn authorized other employees to assign Plaintiff to retrieve personal items.

17. Denies.

18. To the extent the first sentence of this Paragraph is construed as containing the allegation that Plaintiff has a disability, such allegation is a legal conclusion to which no response is required, but inasmuch as a response is required, Defendant denies the allegation. Defendant additionally denies the allegation contained in the first sentence of this Paragraph to the extent Plaintiff is alleging that he informed Captain Behn of performance related limitations

caused by his "disability" orally and in writing, prior to being informed that his performance was unacceptable. The second sentence contains Plaintiff's opinion as to how a "casual observer" would view Plaintiff's condition to which no response is required, but inasmuch as a response is required, Defendant denies the allegation. Defendant denies the allegations contained in the third sentence of this Paragraph.

19. To the extent that this Paragraph is construed as containing the allegation that Plaintiff was not provided a requested reasonable accommodation for a disability, Defendant denies the allegation. Defendant admits that Captain Behn assigned Plaintiff certain tasks orally but denies that Plaintiff informed Captain Behn that his request to have his tasks be provided in writing or to have extra time to write down his tasks was related to any physical limitations. Defendant denies the allegation contained in the third sentence to the extent construed as a formal request for accommodation that was denied.

20. Defendant denies the allegation in this Paragraph to the extent Plaintiff claims that agency employees undertook any actions that were intentionally designed to humiliate Plaintiff.

21. Defendant admits that Plaintiff received his performance evaluation on November 21, 2000, and further avers that Plaintiff was informed that his performance was unsatisfactory. Defendant denies the remaining allegations in this paragraph.

22. Denies.

23. Defendant admits that Plaintiff was detailed to the Systems Division of NOAA but denies that the detail was undertaken "to manufacture a record that could be used to justify the decision" to terminate Plaintiff.

24. Defendant admits the allegations in this paragraph with the exception of Plaintiff's statement that the tasks described in the paragraph "required significant strength and manual dexterity," an opinion to which no response is required, but inasmuch as a response is required, Defendant denies the allegation.

25. The first sentence of this paragraph contains Plaintiff's assertion that his assignments while on detail "were not essential to the functions of the job for which [he] was hired," an opinion that requires no response, but inasmuch as a response is required, Defendant denies the allegation. To the extent the second sentence of this Paragraph is construed as containing the allegation that Plaintiff has a disability, such allegation is a legal conclusion to which no response is required, but inasmuch as a response is required, Defendant denies the allegation. Otherwise, Defendant lacks sufficient information and knowledge on the reasons Plaintiff was unable to perform certain tasks during his detail and therefore neither admits nor denies the allegation contained in the second sentence; however, inasmuch as a response is required, Defendant denies the allegation.

26. This paragraph contains Plaintiff's characterization of an evaluation to which no response is required, but inasmuch as a response is deemed required, Defendant denies the characterization of the evaluation as phrased, and further avers that the document is the best evidence of its content.

27. Defendant denies the allegations contained in this paragraph except to admit only that Plaintiff was detailed to the High Performance Computing and Communications ("HPCC") Office in Silver Spring.

28. The first sentence of this paragraph contains Plaintiff's characterization of a project to which no response is required, but inasmuch as a response is deemed required Defendant admits only that Plaintiff was given a project while at HPCC but denies that Plaintiff was not given an orientation. The second sentence of this paragraph contains Plaintiff's personal opinion and characterization of the project to which no response is required, but inasmuch as a response is deemed required Defendant denies the allegation and avers that the detail was not inconsistent with Plaintiff's purported skill set.

29. The first sentence of this paragraph contains Plaintiff's personal opinion and characterization of an evaluation to which no response is required; but inasmuch as a response is deemed required, Defendant denies and further avers that the document is the best evidence of its content. Defendant admits the allegations in the second sentence.

30. Defendant admits that Ms. Kennedy was not Plaintiff's immediate supervisor but denies that she lacked day-to-day familiarity, observation or feedback regarding his performance. Defendant lacks sufficient information and knowledge to admit or deny the allegation in the second sentence, i.e., accounting for the specific time period that Plaintiff spent dealing with Ms. Kennedy. Defendant denies the allegations contained in the third sentence of this paragraph.

31. Admits.

32. Admits.

33. Admits but Defendant avers that the duties continue to be performed.

34. Defendant is without sufficient information and knowledge to admit or deny the allegations in this paragraph but inasmuch a response is required, Defendant denies the allegations.

35. Denies.

36. Denies.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

37. Defendant admits that Plaintiff initiated contact with an EEO Counselor on February 16, 2001. Whether the contact was timely requires a legal conclusion to which no response is required, but inasmuch as a response is required, Defendant denies. Defendant avers that Plaintiff did not specifically allege that Defendant had failed to accommodate him.

38. Defendant denies the allegation contained in this paragraph and avers that Plaintiff's complaint was filed on April 12, 2001. Defendant avers that Plaintiff did not specifically allege that Defendant had failed to accommodate him in his formal EEO complaint.

39. Defendant admits the allegation contained in the first sentence of this paragraph, i.e., that a Final Agency Decision was issued on February 20, 2003. Defendant is without sufficient information or knowledge to admit or deny when Plaintiff received his copy of this decision.

40. Defendant admits the allegations in this Paragraph that Plaintiff submitted a Notice of Appeal on March 25, 2003 claiming discrimination on the basis of his disability. Whether the Notice was timely requires a legal conclusion to which no response is required, but inasmuch as a response is required, Defendant denies.

41. Admits.

42. This paragraph contains a legal conclusion on exhaustion of administrative remedies to which no response is required, but inasmuch as a response is deemed required, Defendant denies.

## COUNT I- DISCRIMINATION ON THE BASIS OF DISABILITY

43. Defendant incorporates by reference its responses to paragraphs 1- 42.

44. This paragraph contains a legal conclusion to which no answer is required, but inasmuch as a response is deemed required, Defendant denies.

45. This paragraph contains a legal conclusion to which no answer is required, but inasmuch as a response is deemed required, Defendant denies.

46. Denies.

47. Denies.

## COUNT II- FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

48. Defendant incorporates by reference its responses to paragraphs 1- 47.

49. This paragraph contains a legal conclusion to which no answer is required, but inasmuch as a response is deemed required, Defendant denies.

50. This paragraph contains a legal conclusion to which no answer is required, but inasmuch as a response is deemed required, Defendant denies.

51. Defendant admits that it was aware that Plaintiff was hired under an authority to employ disabled individuals but denies that Plaintiff informed Defendant of any physical limitations that might impact Plaintiff's performance, prior to the time that he was told that his performance was unacceptable.

52. Defendant denies the allegations contained in this paragraph except to aver that, upon inquiry by Defendant, Plaintiff requested and was granted alterations to his work station when he first reported for duty. Defendant denies however that Plaintiff informed Defendant of

physical limitations that specifically would effect the performance of his duties prior to being informed that his performance was unacceptable.

53. Denies.

54. Denies.

55. Denies.

## PRAYER FOR RELIEF

The remaining paragraph of the Complaint consists of Plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a. Defendant denies that Plaintiff is entitled to a jury trial to the extent that the United States has not expressly provided for such in statute.

Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

                            Respectfully Submitted,

                            /s/ Kenneth L. Wainstein /mj
                            _____
                            KENNETH L. WAINSTEIN, D.C. BAR # 451058
                            United States Attorney

                            /s/ R. Craig Lawrence /mj
                            _____
                            R. CRAIG LAWRENCE, D.C. BAR # 171538
                            Assistant United States Attorney

/s/ Beverly M. Russell

_____

| | |
|---|---|
| Of Counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Melanie Fields Jones, Esq. | Assistant United States Attorney |
| Employment and Labor Law Division | United States Attorney's Office for the District of Columbia, Civil Division |
| U.S. Department of Commerce | 555 4th Street, N.W., Suite E-4915 |
| | Washington, D.C. 20530 |
| | Ph: (202) 307-0492 |
| | Fax: (202) 514-8780 |
| | E-Mail: beverly.russell@usdoj.gov |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of Defendant's Answer was made by the Court's Electronic Case Filing System this 2nd day of December, 2005 to:

Jamie D. Underwood
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Email: junderwo@steptoe.com

Susan E. Huhta
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, D.C. 20036
Email: sue_huhta@washlaw.org

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney