UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID N. KAPLAN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CARLOS M. GUTIERREZ, )<br>Secretary, )<br>United States Department of Commerce, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 05-1419(GK) |

**THE PARTIES' REPORT PURSUANT TO LOCAL RULE 16.3**

1.    <u>Statement of the Case</u> - Plaintiff brought this suit pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 <u>et</u> <u>seq.</u> alleging that he was subjected to discrimination based on his disability of achondroplasia, a form of dwarfism.  Plaintiff bases this suit on alleged treatment by his colleagues and superior, work assignments which Plaintiff considered inconsistent with his position descriptions, comments and conduct which Plaintiff considered humiliating, and the termination of his employment from the National Oceanic and Atmospheric Administration (NOAA).  Plaintiff also alleges that NOAA failed to provide reasonable accommodation for his disability. Defendant anticipates raising the following defenses:  failure to exhaust the accommodation claim (42 U.S.C. § 2000e-16(c)), failure to allege adverse actions regarding certain of Plaintiff's claims, i.e., those related to his treatment and comments (<u>see, e.g.</u> <u>Brown v. Brody</u>, 199 F.3d 446 (D.C. Cir. 1999)), and legitimate, nondiscriminatory bases underlying its termination decision (<u>see, e.g.</u> <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)).  Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

2. <u>Amendment to Pleadings</u>: Plaintiff anticipates that he will seek leave to amend the Complaint for the limited purpose of clarifying that reinstatement is among the forms of relief he seeks. The Parties do not anticipate that it will be necessary to join third parties.

3. <u>Assignment To Magistrate Judge</u>: The Parties oppose referral of this case to a Magistrate Judge.

4. <u>Settlement Possibility</u>: The Parties have met and discussed settlement. Both Parties would welcome an early settlement of this matter, in order to avoid the costs and other burdens of litigation. For the Plaintiff, the single most important aspect of a settlement is a position of permanent employment. Defendant has indicated that a position is not a term that the Agency will consider at this time. Accordingly, the Parties have been unable to reach a settlement.

5. <u>Alternative Dispute Resolution (ADR)</u>: Plaintiff is not opposed to mediation or other form of alternative dispute resolution, but believes that the Parties are currently too far apart to believe that such efforts are likely to be successful. Defendant's position is that alternative dispute resolution may be appropriate before substantial costs are incurred during discovery and that a mediator might significantly assist in facilitating settlement. In this regard, Defendant's position is that alternative dispute resolution should occur during the early stages of discovery rather than later. Plaintiff agrees that mediation or some other form of ADR can be conducted while discovery is on-going, but believes it will be more productive if conducted after the parties have taken some discovery and are more knowledgeable about the relative strengths and weaknesses of their positions.

6.  <u>Dispositive Motions/Discovery Timeframe</u>: The Parties believe that any post-discovery dispositive motion, if appropriate, should be filed within forty-five (45) days after the close of discovery, that any opposition to summary judgment should be filed within thirty (30) days of the filing of the motion, and that any reply brief, should it be necessary, should be filed within fifteen (15) days of the filing of the opposition brief.

7.  <u>Initial Disclosures</u>: The Parties propose exchanging initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) within thirty (30) days of the Initial Scheduling Conference.

8.  <u>Discovery</u>: The Parties propose that discovery be completed within 210 days from the date of the Initial Scheduling Conference. The Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, the Parties believe that twenty-five (25) interrogatories and an unspecified number of depositions limited to ten (10) days per side, maximum of seven (7) hours each day shall be sufficient, exclusive of experts.

9.  <u>Experts</u>: The Parties propose that, pursuant to Fed. R. Civ. P. 26(a)(2), the Proponent's Statements be produced within 150 days after commencement of discovery and that the Opponent's Statements be produced within 180 days after commencement of discovery.

10. <u>Bifurcation of Discovery or Trial</u>: The Parties do not see any need for bifurcation at this time.

11. <u>Proposed Date For The Pretrial Conference</u>: The Parties propose that a pretrial conference should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion.

12. <u>Trial Date</u>: The Parties propose that the Court should schedule a trial date at the pretrial conference.

Respectfully Submitted,

| | |
|---|---|
| /s/ Thomas M. Contois | /s/ Kenneth L. Wainstein /bmr |
| _____ | _____ |
| THOMAS M. CONTOIS, D.C. BAR #464358<br>JAMIE D. UNDERWOOD, D.C. BAR #471614<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br>Ph: 202-429-3000 | KENNETH L. WAINSTEIN, D.C. BAR # 451058<br>United States Attorney |
| | /s/ R. Craig Lawrence /bmr |
| | _____ |
| | R. CRAIG LAWRENCE, D.C. BAR # 171538<br>Assistant United States Attorney |
| /s/ Susan E. Huhta /tmc | |
| _____ | |
| SUSAN E. HUHTA, D.C. BAR #453478<br>WASHINGTON LAWYERS' COMMITTEE<br> FOR CIVIL RIGHTS AND URBAN AFFAIRS<br>1300 19th Street, N.W., Suite 500<br>Washington, D.C.  20036<br>Ph: 202-319-1000 | /s/ Beverly M. Russell<br>_____<br>BEVERLY M. RUSSELL, D.C. Bar #454257<br>Assistant United States Attorney<br>United States Attorney's Office for the<br> District of Columbia, Civil Division<br>555 4th Street, N.W., Suite E-4915<br>Washington, D.C. 20530<br>Ph:  202-307-0492 |

Of Counsel:
Melanie Fields Jones, Esq.
Employment and Labor Law Division
U.S. Department of Commerce