IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                     )
**DAVID N. KAPLAN,**         )
                                     )
        **Plaintiff,**      )
                                     )
    v.           )      **Civil Action No. 1:05CV01419 (GK/JMF)**
                                   )
**CARLOS M. GUTIERREZ,**  )
                                   )
        **Defendant.**    )
_____)

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff David N. Kaplan hereby provides his initial disclosures.  Each of the disclosures set forth below is made subject to and without waiving the attorney-client privilege, the work product doctrine, or any other applicable privilege or defense.  Plaintiff reserves the right to object to other discovery procedures relating to the persons or documents identified herein.  These disclosures are based on information presently available to Plaintiff.  As this matter is ongoing, Plaintiff also reserves the right to supplement his disclosures as discovery reveals additional or different material.

**DISCLOSURES PURSUANT TO RULE 26(a)(1)(A)**

**The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiff is in the process of identifying individuals likely to have discoverable information that he may use to support his claims or defenses.  Based on the information now reasonably available, Plaintiff identifies the following individuals:

    1.    David N. Kaplan
            3001 Park Center Drive, #515
            Alexandria, VA 22302
            703.379.6834

Mr. Kaplan, Plaintiff, has information about subjects including, but not limited to, the allegations in the Amended Complaint and the events that took place during the related administrative investigation.

2. Norma Hughes
   Human Resource Advisor
   National Oceanic and Atmospheric Administration
   U.S. Department of Commerce

Ms. Hughes, who offered Plaintiff a position at the Department of Commerce ("DOC"), has information about subjects including, but not limited to, the facts surrounding Plaintiff's arrival at DOC and the terms and conditions of Plaintiff's employment there.

3. Alfred A. Corea
   Director of Civil Rights
   National Oceanic and Atmospheric Administration
   U.S. Department of Commerce
   1305 East-West Highway
   Silver Spring, MD 20910

Mr. Corea has information about subjects including, but not limited to, DOC personnel/administrative policies as well as communications concerning Plaintiff that took place after Plaintiff received his notice of termination from Captain Richard Behn.

4. Regina Millard
   Director for Human Resources Management
   National Oceanic and Atmospheric Administration
   U.S. Department of Commerce

Ms. Miller has information about subjects including, but not limited to, DOC personnel/administrative policies and practices and Plaintiff's performance appraisals.

5. Captain Richard R. Behn
   Executive Director to the Deputy Undersecretary
   Office of the Deputy Undersecretary
   National Oceanic and Atmospheric Administration
   U.S. Department of Commerce
   301.482.3565

Captain Behn, Plaintiff's direct supervisor at DOC, has information about subjects including, but not limited to, the allegations in the Amended Complaint, his interactions with Plaintiff, Plaintiff's interactions with other DOC employees, and communications between himself and other DOC employees related to Plaintiff.

6.  Ellis W. Rauch, Jr.
    Computer Systems Analyst
    Office of Finance and Administration
    National Oceanic and Atmospheric Administration
    U.S. Department of Commerce

Mr. Rauch, Plaintiff's direct supervisor during his 30-day detail at the Systems Division of the National Oceanic and Atmospheric Administration ("NOAA"), has information about subjects including, but not limited to, the tasks that Plaintiff was asked to complete while at the Systems Division and Plaintiff's job performance during that 30-day detail.

7.  Susan A. Kennedy
    Division Chief
    Business Process Analysis Division
    Information Technology Planning and Analysis Office
    National Oceanic and Atmospheric Administration
    U.S. Department of Commerce

Ms. Kennedy, who prepared Plaintiff's performance evaluation for his 10-day detail at the High Performance Computing and Communications Office ("HPCC"), has information about subjects including, but not limited to, the tasks that Plaintiff was asked to complete while at HPCC.

8.  Michael Kelly
    Office of the Deputy Undersecretary
    National Oceanic and Atmospheric Administration
    U.S. Department of Commerce

Mr. Kelly, who worked in the same office at DOC during the same time period as Plaintiff, has information about subjects including, but not limited to, the tasks that Plaintiff was

- 4 -

asked to complete while at the Office of the Deputy Undersecretary ("DUS").

    9.    David C. Long, Jr.
            Office of Civil Rights
            U.S. Department of Commerce

Mr. Long, the Equal Employment Opportunity investigator who prepared the Report of Investigation in the related administrative proceeding, has information about subjects including, but not limited to, the documents collected and the individuals interviewed by DOC in conjunction with Plaintiff's administrative claims.

    10.    James P. Faulkner
             Human Resources Management Analyst
             Office of Diversity
             Office of Finance and Administration
             National Oceanic and Atmospheric Administration
             U.S. Department of Commerce

Mr. Faulkner has information about subjects including, but not limited to, the circumstance surrounding Plaintiff's termination of employment at NOAA.

    11.    Denise Johnson
             Secretary to the Executive Director to the Deputy Undersecretary
             Office of the Deputy Undersecretary
             National Oceanic and Atmospheric Administration
             U.S. Department of Commerce

Ms. Johnson, who is Captain Behn's secretary, has information about subjects including, but not limited to, Plaintiff's responsibilities while at NOAA, the treatment Plaintiff received from NOAA employees, and the circumstances surrounding Plaintiff's assignment to details at NOAA's Systems Division and HPCC.

    12.    Vicki Horton
             Secretary to the Assistant Secretary
             National Oceanic and Atmospheric Administration
             U.S. Department of Commerce

- 5 -

Ms. Horton, who is the secretary to the Assistant Secretary for NOAA, has information about subjects including, but not limited to, the circumstances surrounding Plaintiff's termination from his position at DUS.

    13.    William Turnbull
              Deputy Director
              High Performance Computing and Communications Office
              Office of Finance and Administration
              National Oceanic and Atmospheric Administration
              U.S. Department of Commerce

Mr. Turnbell, who met with Plaintiff at the beginning of his detail at HPCC, has information about subjects including, but not limited to, the education and training required to satisfactorily fulfill the type of detail to which Plaintiff was assigned at HPCC.

    14.    Rebecca (Becky) Allee
              Office of the Deputy Undersecretary
              National Oceanic and Atmospheric Administration
              U.S. Department of Commerce

Ms. Allee, who worked with Plaintiff at NOAA, has information about subjects including, but not limited to, Plaintiff's responsibilities while at NOAA and the treatment Plaintiff received from NOAA employees.

    15.    Scott B. Gudes
              Deputy Undersecretary
              Office of the Deputy Undersecretary
              National Oceanic and Atmospheric Administration
              U.S. Department of Commerce

Mr. Gudes, who was Captain Behn's supervisor while Plaintiff was employed at NOAA, has information about subjects including, but not limited to, the policies and practices implemented by NOAA to promote diversity, equal opportunity, and outreach.

    16.    Deborah J. Hall
              Personnel Management Specialist
              Office of Human Resources Management
              Office of the Secretary

        U.S. Department of Commerce

Ms. Hall, who claims to have been DOC's representative to the Workforce Recruitment Program, purportedly has information about subjects including, but not limited to, the circumstances surrounding NOAA's hiring of Plaintiff.

    17.    Chris Mobley
           National Oceanic and Atmospheric Administration
           U.S. Department of Commerce

Mr. Mobley, who worked with Plaintiff at NOAA, has information about subjects including, but not limited to, the treatment Plaintiff received from NOAA employees.

    18.    David Gress
           High Performance Computing and Communications Office
           National Oceanic and Atmospheric Administration
           U.S. Department of Commerce

Mr. Gress, who worked with Plaintiff during his detail at HPCC, has information about subjects including, but not limited to, Plaintiff's responsibilities and performance while on detail at HPCC.

    19.    David McClure
           High Performance Computing and Communications Office
           National Oceanic and Atmospheric Administration
           U.S. Department of Commerce

Mr. McClure, who worked with Plaintiff during his detail at HPCC, has information about subjects including, but not limited to, Plaintiff's responsibilities and performance while on detail at HPCC.

    20.    Juliette Rizzo
           Communication and Media Support Services Unit
           Office of Special Education and Rehabilitative Services
           U.S. Department of Education

Ms. Rizzo, who was one of Plaintiff's supervisor during his temporary appointment at the Department of Education, has information about subjects including, but not limited to, Plaintiff's job skills and performance.

21. Palmer King
    Human Resources Team
    Office of the Assistant Secretary
    Office of Special Education and Rehabilitative Services
    U.S. Department of Education

Mr. King, who was one of Plaintiff's supervisor during his temporary appointment at the Department of Education, has information about subjects including, but not limited to, Plaintiff's job skills and performance.

**DISCLOSURES PURSUANT TO RULE 26(a)(1)(B)**

**A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Plaintiff is in the process of determining what documents, data compilations, and tangible things he may use to support his claims and defenses. Based on the information now reasonably available, the following documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiff may be used to support his claims or defenses:

1. Documents contained in the Report of Investigation compiled by DOC in conjunction with the related administrative investigation.

2. Documents received by Plaintiff from DOC.

3. Documents concerning the termination of Plaintiff's employment.

4. Correspondence, including email, between and among Plaintiff and any current or former employees of DOC.

5. Documents obtained from government agencies concerning Plaintiff's allegations, including, but not limited to, documents obtained from the United States Equal Employment

Opportunity Commission.

      6.      Documents received by Plaintiff from the Department of Education, including, but not limited to, evaluations of Plaintiff's work performance there.

      7.      Documents relating to Plaintiff's professional experience and qualifications.

      8.      Plaintiff's college transcripts.

      9.      Receipts for medical expenses incurred and insurance premiums paid by Plaintiff since his termination from DOC.

      10.      Plaintiff's pay stubs from his employment at DOC.

**DISCLOSURES PURSUANT TO RULE 26(a)(1)(C)**

**A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

      In addition to the equitable relief sought in his Amended Complaint, Plaintiff expects to recover from Defendant economic damages, damages for emotional and psychological harm, and attorneys' fees and costs, together with pre-judgment interest. As of this time, Plaintiff's damages total at least $495,000. Plaintiff will make available for inspection and copying a computation of those damages. As more information becomes available and as additional damages and costs are incurred, Plaintiff reserves the right to supplement this computation.

**DISCLOSURES PURSUANT TO RULE 26(a)(1)(D)**

**Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgment.**

      Plaintiff is presently unaware of any insurance agreement under which anyone may be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or

reimburse for payments made to satisfy the judgment.

                                      Respectfully submitted,

                                      /s/ Jamie D. Underwood

Thomas M. Contois
DC Bar No. 464358
Jamie D. Underwood
DC Bar No. 471614
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
202.429.3000

Susan E. Huhta
DC Bar No. 453478
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, DC  20036
202.319.1000

February 15, 2006

COUNSEL FOR PLAINTIFF
DAVID N. KAPLAN

- 9 -

**CERTIFICATE OF SERVICE**

    I hereby certify that service of the Plaintiff's Initial Disclosures was made by the Court's Electronic Case Filing System this 15th day of February 2006 to:

Beverly M. Russell
Assistant United States Attorney
United States Attorney's Office for the District of Columbia
Civil Rights Division
555 Fourth Street, NW, Suite E-4915
Washington, DC 20530
Email: beverly.russell@usdoj.gov


        /s/ Jamie D. Underwood

        Jamie D. Underwood
        DC Bar No. 471614
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC  20036
        202.429.3000
        COUNSEL FOR PLAINTIFF
        DAVID N. KAPLAN