UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID N. KAPLAN,<br><br>       Plaintiff<br><br>   v.<br><br>CARLOS M. GUTIERREZ, Secretary,<br>   United States Department of Commerce,<br><br>       Defendant. | )<br>)<br>)<br>)  Civil Action No.<br>)     05-1419(GK)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The Parties to this action, David N. Kaplan, hereinafter "Plaintiff," and Carlos M. Gutierrez, Secretary, U.S. Department of Commerce, hereinafter "Defendant," hereby enter into the following Stipulation of Settlement. In order to resolve the matters in dispute in the above-styled action without further litigation, expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1.  Plaintiff and Defendant enter into this Stipulation of Settlement in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all complaints, claims, demands, rights and causes of action of whatever kind and nature based upon his discrimination claims in the above-captioned action and as described in Plaintiff's Complaint.

2. In particular, and without limitation, this settlement includes all possible claims for damages and equitable relief by Plaintiff against Defendant prior to and including the date Plaintiff signs this Stipulation of Settlement. Further, and without limitation, this settlement includes all possible claims for attorney's fees and costs that Plaintiff incurred in connection with this litigation and any other administrative proceeding involving the claims Plaintiff raised or could have raised in this action.

3. Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination and all other pending, existing or putative causes of actions, charges, claims, complaints and appeals against Defendant in any forum, whether administrative or judicial. This Stipulation of Settlement constitutes the full, final and complete relief that Plaintiff may have for the conduct alleged in this action.

4. Plaintiff agrees not to institute any other actions, charges, claims, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the above-captioned complaint of discrimination or his employment with the Department of Commerce of which he has knowledge or reason to have knowledge as of the date on which he signs this Stipulation of Settlement.

5. Plaintiff releases Defendant and Defendant's past and present employees, officers, agents and representatives concerning all matters related to this civil action of which

Plaintiff has knowledge or reason to have knowledge as of the date on which he signs this Stipulation of Settlement.

6. In consideration for the promises made herein, Defendant agrees to pay Plaintiff a total sum of One Hundred and Fifteen Thousand Dollars ($115,000) disbursed as follows. Plaintiff shall receive the sum of One Hundred Thousand Dollars ($100,000) and the Washington Lawyers Committee for Civil Rights and Urban Affairs shall receive the sum of Fifteen Thousand Dollars ($15,000). Payment shall be made as promptly as practicable consistent with normal processing procedures followed by the Department of Justice and the Department of Treasury. The parties will cooperate to ensure that all necessary payment requests are accurately completed and promptly submitted for processing. It is further understood and agreed that liability for taxes that may be due from Plaintiff as a result of this Agreement shall be the sole responsibility of Plaintiff.

7. As a further condition of resolving this matter, Plaintiff shall be deemed to have resigned from NOAA, and Defendant shall expunge all memoranda and performance appraisals related to Plaintiff's performance during his tenure with NOAA and the SF-50 reflecting Plaintiff's termination. In place of the latter, Defendant shall substitute an SF-50 or comparable record reflecting Plaintiff's resignation as of February 9, 2001.

8. In further consideration of the promises made herein, Plaintiff agrees not to apply for any position or otherwise seek

employment with the National Oceanic and Atmospheric Administration for five years from the date of the Court's approval of this Settlement Agreement.

9.  This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of Defendant or his past or present agents, employees, representatives or officers.  The Parties enter into this stipulation solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

10.  This action shall be DISMISSED WITH PREJUDICE from the docket of the Court effective upon the approval of this agreement by the Court, except that the Court shall have jurisdiction to enforce the terms hereof.

11.  Plaintiff acknowledges that he has read this entire agreement and that he understands all of its terms and conditions.

12.  Plaintiff acknowledges that he has entered into this Stipulation of Settlement voluntarily and with the advice of counsel.  Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress or coercion in connection with the execution of this document.

13.  The Parties agree that the terms expressly recited herein represent the entire compromise settlement and that the respective Parties will each bear their own costs, fees and expenses and that any attorneys' fees owed by Plaintiff will be paid out of the settlement amount, as described above in paragraph 6, and not in addition thereto.  There are no terms or

conditions to this agreement except those expressly stated herein. This agreement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by a written instrument executed by duly authorized representatives of both Parties.

Respectfully Submitted,

PLAINTIFF:

_____    8/18/06
DAVID N. KAPLAN              Date

_____    8/21/06
THOMAS M. CONTOIS            Date
D.C. BAR #464358
JAMIE D. UNDERWOOD,
D.C. BAR #471614
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Ph: 202-429-3000

_____    8/22/06
SUSAN E. HUHTA               Date
D.C. BAR #453478
WASHINGTON LAWYERS' COMMITTEE
 FOR CIVIL RIGHTS AND URBAN AFFAIRS
~~1300 19th Street, N.W., Suite 500~~
Washington, D.C.  20036   11 Dupont Circle, N.W.
Ph: 202-319-1000          Ste 400
                          seh

FOR THE DEFENDANT:

_____    8/24/06
KENNETH L. WAINSTEIN         Date
D.C. BAR # 451058
United States Attorney

-5-

_____    \_\_\_8/25/06_____
RUDOLPH CONTRERAS                        Date
D.C. BAR # 434122
Assistant United States Attorney


_____    \_\_\_8/25/2006_____
BEVERLY M. RUSSELL                       Date
D.C. BAR #454357
Assistant United States Attorney
U.S. Attorney's Office for the
   District of Columbia
555 4th Street, N.W., Rm. E4915
Washington, D.C.  20530
Ph:  202-307-0492

Of Counsel:
Frances Silva, Esq.
Employment and Labor Law Division
U.S. Department of Commerce


                        SO ORDERED:


                        _____
                            THE HONORABLE GLADYS KESSLER
                            United States District Judge

Date:

-6-